MARVIN, Judge.
From a judgment reducing monthly alimony pendente lite from $1,350 to $1,000 and child support from $500 to $350, the *507 husband appeals, contending that we should amend to further reduce these obligations because he is no longer employed.
The parties were married in 1977 and had one child, a son, born in April 1980. They separated about a month before the wife petitioned for separation on November 12, 1982. They were legally separated by a judgment on February 14, 1983.
The husband was an independent lease broker-landman, who had worked for Exxon since his graduation from college. He earned about $40,000 per year until his relationship with Exxon was terminated effective about April 1, 1983, because of the economic recession. He was $700 in arrears when the termination was announced. He testified that he had not been able to find other work as a lease broker since that time and that he was not trained to do other work.
The wife earned about $17,000 annually before her son was born but has not worked since. The record only indicates, but does not clearly show the status of the former community estate. When the $1,350 alimony award was made, the wife was ordered to pay a $500 house note. At the time of the separation the community owned vehicles worth about $75,000. After the separation, the husband sold one Porsche for $24,000 and a Corvette for $12,-000 and applied some or all of the proceeds from the sale of these vehicles to community debts. The husband is now enjoined from alienating any of the former community property. For alimony purposes, a husband’s alimentary obligations, however, are deemed to have priority over his obligations to creditors. Galbraith v. Galbraith, 382 So.2d 1042 (La.App. 2d Cir.1980).
The trial court found that the situation we have summarized had existed only for about a month and noted the dilemma presented in such a situation where the husband is without “means” to pay. CC Art. 148. The husband’s “means” cannot be determined without examining his entire financial condition. Ryan v. Ryan, 401 So.2d 514 (La.App. 2d Cir.1981). The judgment appealed was signed on May 25, 1983.
A husband’s “capacity to earn” is a proper consideration. Viser v. Viser, 179 So.2d 672 (La.App. 2d Cir.1965); Lewis v. Lewis, 329 So.2d 778 (La.App. 2d Cir.1976), and cases cited therein. The trial court has much discretion when faced with such a dilemma. If the husband’s financial straits continue he may seek relief from an impossible burden. Time may further diminish his capacity to earn.
We find no abuse of discretion at this juncture. AFFIRMED, at appellant’s cost.