450 So.2d 30 (1984)
Annie B. HICKS, Plaintiff-Appellant,
v.
William L. HICKS, Defendant-Appellee.
No. 83-654.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*31 Fuhrer, Flournoy & Hunter, John E. Morton, Alexandria, for plaintiff-appellant.
Michael Bonnette, Natchitoches, for defendant-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
FORET, Judge.
Annie B. Hicks appeals from a judgment in favor of her husband, William L. Hicks, which reduced both her alimony and child support payments and denied her request to make past due payments executory. The issues on appeal are:
(1) Whether the trial court erred in overruling Mrs. Hicks' exception of no cause of action where the husband's rule did not allege any change in circumstances, and
(2) Whether the trial court erred in denying Mrs. Hicks' request to make past due payments executory.
On November 16, 1982, Annie B. Hicks filed suit for separation from her husband, William L. Hicks. Mr. Hicks was properly served. A preliminary default was entered on December 21, 1982, and confirmed on February 10, 1983. A default judgment was signed on February 10, 1983, granting Mrs. Hicks her separation and awarding her $50 per week in alimony and $150 per week for support of the couple's six children. Unfortunately, the judgment incorrectly set the awards by the month instead of by the week. Therefore, the judgment was amended on February 17, 1983. Notices of judgment were sent to Mr. Hicks on both occasions.
Three weeks later, Mr. Hicks filed a rule to reduce alimony and child support based on the following grounds:
"2.
... that this was a default judgment rendered in the above case and that there was no evidentiary hearing as to his ability to pay said amount.
3.
... that he has a net income of approximately $1,700.00 per month and community obligations and debts in excess of $1,951.50 per month.
4.
... that the award of Eight hundred ($800.00) as child support and alimony per week[sic] is excessive, since plaintiff's income and expense affidavit, if true, showed only a need of Six hundred Forty-two & 10/100 ($642.10) Dollars per month.
5.
In view of all the indebtedness and expenses mentioned above, mover is not able to pay his divorced wife alimony and child support at the sum fixed by this court, and can only afford a combined amount of child support and alimony at the rate of Four hundred Fifty ($450.00) Dollars per month."
Mrs. Hicks filed a rule to make past due payments executory.
*32 On the day of the hearing, April 12, 1983, Mrs. Hicks filed an exception of no cause of action. The trial court overruled the exception and heard both the husband's and the wife's respective rules.
After hearing testimony from both the husband and the wife, the trial court reduced the husband's alimony obligation from $50 to $25 per week and his child support obligation from $150 to $100 per week. Also, he denied the wife's request to make past due payments executory.
From these rulings, the wife appealed, alleging three assignments of error. They are:
"(1) The trial court erred in overruling appellant's exception of no cause of action.
(2) The trial court erred as a matter of law, in failing to award past due alimony and child support payments.
(3) The trial court erred as a matter of law in reducing alimony and child support payments in the absence of proven change in circumstances."
The husband has neither answered the appeal nor briefed his arguments.
The first issue to be discussed is whether the trial court erred in overruling the wife's exception of no cause of action. Because the husband alleged no change in circumstances in his rule to reduce, Mrs. Hicks argues that the trial court erred in overruling her exception. We agree.
It is well established that a party seeking a modification in a child support or alimony award must allege and establish a change in the respective financial circumstances of the parties. This statement is true whether the judgment was by default or at the conclusion of an adversary proceeding. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), overruling Moore v. Moore, 256 So.2d 782 (La.App. 4 Cir.1972).
The grounds upon which Mr. Hicks based his rule were that no evidentiary hearing was held to determine a proper amount of alimony and support and that Mr. Hicks was financially unable to pay the amounts awarded. Even if we were to assume these facts as true, these issues could have been easily raised by Mr. Hicks had he desired to appear in court prior to the confirmation of the wife's default judgment. Furthermore, Mr. Hicks has neither appealed nor attempted to nullify the rendering of the default judgment. We cannot allow Mr. Hicks to disguise his nullification and/or appeal of the default judgment by using a rule to reduce.
The second issue to be decided is whether the trial court erred in denying Mrs. Hicks' request to make past due payments executory. The record reveals the following colloquy:
"MR. MORTON: Your Honor, if I may request one clarification on the Court's ruling. The request for past due alimony was denied.
THE COURT: Yes, sir.
MR. MORTON: Am I to understand that that's because of the conflicting statments [sic] of the parties as to whether the amounts were paid or is that because of the confusion between the two judgments?
THE COURT: The combination of all of that.
MR. MORTON: Oh. Thank you."
So apparently, the trial court ruled in favor of Mr. Hicks because of Mr. Hicks' confusion over the two judgments and because he felt some payments were actually made to the wife.
As to the trial court's reasons for denying the wife's claim, we know of no authority which allows a trial judge to deny making arrearages executory because of a party's confusion as to a judgment. The confused party has other remedies available to him under the law[1]. In a rule to make past due alimony and child support payments executory, a court has no discretion as to whether or not judgment will be rendered if there is proof that payments are in arrears. Theriot v. Melancon, 311 *33 So.2d 578 (La.App. 3 Cir.1975)[2]. Thus, Mrs. Hicks must prevail in her rule if she can prove that the payments were actually in arrears.
At the hearing, Mr. Hicks testified that he paid in full only the first week's payments, and after that, he gave the wife anywhere from $50 to $75 per week in cash as well as $10.50 per week to the children for lunch money. Mrs. Hicks admits that she received the first week's payments, and that her husband paid for the children's lunch money, but denies ever receiving anything else. Because the trial judge ruled as he did, we must assume that he felt that some of these payments were made.
The question of whether the husband has paid support payments is ultimately one of credibility, and will not be disturbed absent manifest error. Singleton v. Singleton, 423 So.2d 791 (La.App. 4 Cir.1982), writ denied, 427 So.2d 1210 (La. 1983). We cannot say that the trial court was clearly wrong in believing the husband. We find, however, that even if we take everything Mr. Hicks said as true, because he owed the wife $200 per week in alimony and support, he would still be substantially delinquent in his payments. Because of the rule of Theriot, we have no choice but to grant the wife's request to make the past due payments executory, subject to the husband's right to a credit for the amounts paid. Davis v. Davis, 405 So.2d 594 (La.App. 3 Cir.1981).
For the reasons assigned, the judgments of the trial court overruling the wife's exception of no cause of action and reducing the husband's alimony and child support payments are reversed. Furthermore, we reverse the judgment of the trial court denying the wife's request to make past due payments executory, and render judgment in favor of Annie B. Hicks and against William L. Hicks in the amount of $1,016[3], plus legal interest from the date of judicial demand until paid. Appellee is assessed all costs at the trial level and on appeal.
REVERSED AND RENDERED.
NOTES
[1] The party may seek to traverse, nullify, or appeal the judgment.
[2] LSA-C.C.P. Article 3945 provides:

"Art. 3945. Execution of alimony judgments in arrears
When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony." The reasoning behind the Theriot decision was based on the wording of this article which states, "the court shall render ...".
[3] The award is based on the following: Mr. Hicks was alleged to owe eight weeks of alimony and child support at $200 per week. Therefore, a total of $1600 was past due. We have given him a credit for $584, based on an average of what he paid in cash ($62.50) and on the $10.50 he paid for the children's lunch money.