GROVER L. COVINGTON, Chief Judge.
This is an appeal by the plaintiff, Doris-tine Cummings, from a judgment denying *18 her past due child support or arrearages.[1] In denying recovery to the plaintiff, the trial judge held that because the parties had reconciled after the original judgment fixing the award of child support, the plaintiff had impliedly waived her right to recover the support payments which were in arrears.
We find that the trial court erred in ruling that the reconciliation waived the accrued child support. The only way that a judgment of the court awarding child support can be extrajudicially affected is a specific agreement between the parties and such agreement is not detrimental to the child. A child support judgment remains in full force and effect until the judgment is modified or terminated by the court. Fouquet v. Fouquet, 442 So.2d 787 (La.App. 5th Cir.1983).
As this Court noted in Vaughan v. Vaughan, 415 So.2d 483, 485 (La.App. 1st Cir.1982):
To the extent the trial court may have been acting equitably in reducing the amount of arrearages, we note equity will not nullify or reduce accumulated child support because child support is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law.
The effect of the reconciliation was merely to extinguish the action of separation, LSA-C.C. art. 152; it had no effect upon vested rights of the parties.
The judgment of the trial court is reversed and it is ordered that the case be remanded to allow the trial judge to determine the amount of the arrearages owed by the defendant. Costs of this appeal are assessed against Alfred Cummings, defendant-appellee; all other costs are to await final disposition of this matter.
REVERSED AND REMANDED.

. Inasmuch the trial judge denied the plaintiffs right to recover any arrearages of child support, the record does not establish the amount of arrearages that the defendant owes to the plaintiff.