496 So.2d 1278 (1986)
Mary Ann BOUDREAUX, Plaintiff-Appellee,
v.
William Charles HARRINGTON, Defendant-Appellant.
No. 85-1220.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Reule P. Bourque, Kaplan, for defendant-appellant.
Jan Rowe, Abbeville, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
GUIDRY, Judge.
The parties to this suit were divorced on May 14, 1981, by a judgment which granted custody of their son, now thirteen years old, to the wife, subject to reasonable visitation by the husband, and ordered him to pay monthly child support of $350.00 plus hospitalization insurance and all medical and dental expenses.
In October, 1982, the wife moved with the child from Abbeville to her family home in Canada. The husband then unilaterally reduced the support payments to $175.00 per month because he was unable to exercise his visitation rights. Except to telephone and find out why the support was decreased, the wife took no action in this regard until June 13, 1985, when she filed a rule for contempt and to have the past due support determined and made executory. Thereafter, the husband filed two rules, one for contempt and to change the child's custody to him and the other to decrease the monthly child support. The rules filed by both were consolidated for trial.
After trial, judgment was signed on September 10, 1985, fixing the arrearage due by the defendant, William Charles Harrington, *1279 at $6,125.00 and awarding the wife $750.00 as an attorney's fee. The court denied the request of William Charles Harrington for a reduction of the child support award. The parties stipulated at trial that the wife was to retain custody, subject to specific visitation rights by the husband, but the judgment is silent in this regard. Neither party has complained of this omission on appeal. William Charles Harrington appealed.
Appellant urges that the trial court erred in the following particulars: (1) in not considering the wife's acceptance of the reduced alimony payments as estopping her from claiming any arrearage; (2) in failing to give credit on the arrearage for the favorable Canadian dollar exchange rates; and, (3) assuming there is a higher cost of living in Canada as opposed to the wife's testimony as to actual living costs.
We find no error in the trial court's determination with regard to appellant's first assignment of error. As we stated in Martin v. Martin, 433 So.2d 364 (La.App. 3rd Cir.1983):
"A child support award may not be modified, reduced, or terminated unless: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir. 1983)."
The first two modification methods are inapplicable and from our review of the record it is clear that the husband failed to establish that there was a binding conventional agreement with his former wife to modify this child support judgment.
Mere acquiescense in the husband's failure to pay the full amount of support does not constitute an estoppel to claim or a waiver of the balance due. Dubroc v. Dubroc, supra.
For an agreement modifying the amount of child support to be effective, the parties must clearly agree to such modification and the burden of proof is on the party relying on the agreement to prove its existence. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982).
Appellant's second and third assignments of error are equally without merit. Ms. Boudreaux admitted that, although the exchange rate fluctuates daily, a United States dollar was worth approximately $1.30 Canadian at the time of the trial. But she also testified that the cost of living in Canada is higher than here. Be that as it may, this award of child support was made in United States currency and, under our jurisprudence, the arrearage has become a vested property right not subject to reduction by equity or other considerations.
Of course, the exchange rate should be considered in determining an increase or decrease in future support payments. However, in this instance we agree with the trial judge that due to the increased cost of living in Canada, there has not been a sufficient change of circumstances to warrant a reduction of the child support award. It is well established that a party seeking a modification in a child support award must establish a change in the respective financial circumstances of the parties. This is true whether the judgment was by default or at the conclusion of an adversary proceeding. Hicks v. Hicks, 450 So.2d 30 (La.App. 3rd Cir.1984); Townsend v. Townsend, 421 So.2d 969 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 1211 (La.1983). The record fully supports the trial court's findings in these respects, and considering the financial information furnished by the parties, we cannot say that there was any abuse of discretion in refusing to decrease the child support.
Attached hereto as an appendix is a copy of the district judge's written reasons for judgment.
For these reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.

APPENDIX
This matter is before the Court on a Rule for Contempt and to have Past Due Child *1280 Support determined and made Executory filed by the plaintiff, Mary Ann Boudreau, and a Rule for Reduction of Child Support Payments brought by the defendant, William Charles Harrington. After hearing, the Court took the matter under advisement to consider the evidence and memoranda submitted by counsel.
The fact of this case are as follows: The Judgment of Separation of October 2, 1980 and the Judgment of Divorce of May 14, 1981, awarded plaintiff the permanent care, custody and control of Timothy Joseph Harrington, the minor child born of the marriage, subject to reasonable visitation. The judgment further provided that the defendant pay the sum of Three Hundred Fifty Dollars per month as child support. In October, 1982, the plaintiff and her child moved to Nova Scotia, Canada, at which time the defendant unilaterally reduced the amount of support by one-half, i.e. $175.00 per month. He has paid this amount since October, 1982.
The defendant contended at trial that he was justified in unilaterally reducing his child support payments because the plaintiff had moved to Canada, thus making his visitation privileges difficult to exercise. However, this contention is not supported under Louisiana law. He also contends the past due amount should not be made executory because the plaintiff had accepted the reduced amounts for two and one-half years without taking any action. This claim is also without merit, in light of LSA-C.C. art. 3497.1 which provides as follows: "An action for arrearages of alimony and child support is subject to a liberative prescription of five years." Alternatively, defendant requests that he be given credit for the value of the United States dollar in Canada claiming the dollar was worth an average of $1.35 in Canadian money. The Court finds no credit should be given for the favorable exchange rate since uncontradicted testimony of the plaintiff establishes that the higher cost of living offsets any favorable rate of exchange. The needs of the child remain unaffected.
Finally, the defendant seeks to have the Court reduce his monthly child support payments. The Court denies a reduction, finding that the defendant has failed to prove that there has been a change in circumstances to justify a reduction. The evidence establishes that the defendant has sufficient resources to pay $350.00 per month in the support of his child. Furthermore, the needs of the child and the resources of the plaintiff are apparent in light of the fact that the plaintiff's income consists of public assistance in the amount of $408.00 per month.
In accordance with the above reasons, the Court will make the amount of $6,125.00 in past due child support executory and will award $750.00, as reasonable attorney's fees to the plaintiff pursuant to La.R.S. 9:305.
All costs to be paid by the defendant.