546 So.2d 235 (1989)
Virginia Ann Lowe TUEY, Plaintiff-Appellant,
v.
Ronald Wayne TUEY, Defendant-Appellee.
No. 20,542-CA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
Rehearing Denied July 13, 1989.
*236 C. S. Sentell, Jr., Minden, for plaintiff-appellant.
Randy D. Elkins, Minden, for defendant-appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, Virginia Ann Lowe Tuey Davis, appeals from a trial court judgment which held that she and the defendant, Ronald Wayne Tuey, had entered into an agreement by which she accepted $1,650 as payment in full for the defendant's arrearages in child support. Thus, the trial court refused to allow the plaintiff to recover an additional sum allegedly owed by the defendant for child support. On appeal, the plaintiff also claims attorney fees and costs.

FACTS
The parties were legally separated pursuant to a judgment signed on January 26, 1978. They were subsequently divorced on March 8, 1979. The judgment of divorce awarded the plaintiff permanent custody of the two minor children, Ronald Shane Tuey and Jeffrey Blane Tuey, while reserving reasonable visitation rights to the defendant. The defendant was ordered to pay child support of $300 per month in globo for the support of the two children. The plaintiff's right to claim alimony in the future was reserved.
On July 2, 1987, the older child, Shane, reached the age of 18. At that time, the defendant, unilaterally and without court approval, reduced his monthly child support payments to one-half the court-ordered amount, plus $25.
At the time of Shane's 18th birthday, the defendant was already about $845.00 behind in his child support payments. This arrearage continued to increase as a result of the defendant's unilateral reduction in his monthly child support payments. On May 13, 1988, plaintiff wrote a letter to the defendant demanding payment of the arrearages, although, as outlined in detail hereafter, the amount sought by plaintiff was erroneous. At any rate, in response, the defendant paid the amount demanded, the sum of $1,650.00.
Having sent the check for $1,650.00 on May 18, 1988, the defendant, less than a week later, on May 24, 1988, filed a petition and rule to modify visitation rights, for a decrease in child support, and for contempt of court and attorney fees. The defendant asserted that in October, 1984, the parties were awarded joint custody of the children.[1] He requested a reduction in child support to $150.00 per month (retroactive to the date of judicial demand), based upon his elder son's obtaining his majority in July, 1987.
The defendant also sought to have the plaintiff, who moved to Texas shortly after the last custody award, held in contempt for allegedly frustrating his ability to visit and communicate with the children. He sought specific modification of his visitation rights with the remaining minor child, Jeffrey. He also requested that the court suspend his support obligation during the summer while the boy was living with him and that the court prohibit the plaintiff from moving in the future without first seeking modification of the defendant's visitation rights.
*237 On June 2, 1988, the plaintiff answered the rule and sought a child support increase to $300 per month for Jeffrey. She also filed a counter rule to recover the remaining amount of past due child support which had not been included in the sum paid by the defendant two weeks earlier.
On June 14, 1988, a hearing on the rules was held. The parties amicably resolved the visitation dispute, and agreed that the defendant would pay monthly child support of $200 for Jeffrey, effective June 1, 1988, to be paid in two installments. They also agreed to suspend child support for the month of July when Jeffrey was visiting his father.
The only remaining issues for resolution were whether there were any grounds for holding either party in contempt and whether the parties had agreed to reduce the amount of the defendant's child support arrearages to the sum of $1,650. The dispute over the child support arrearages arose as a result of an exchange of letters.
On May 13, 1988, the plaintiff sent the following letter to the defendant:
Dear Ronnie:
As as of this date, you are behind in child support in the amount of $1,650.00. If this amount is not paid in full within seven days of the date of this letter, I will turn this matter over to my lawyer for collection by whatever means he needs to use. Sincerely, Virginia L. Davis.
The defendant's present wife, Lisa Tuey, responded to the letter:
Dear Ginger:
Pursuant to your letter of May 13, 1988, enclosed please find our check in the amount of $1,650.00, representing payment of child support through that date. Sincerely, Lisa Tuey.
Enclosed with the letter was a check made out to the plaintiff in the amount of $1,650. The check bore the notation "for child support."
At trial, plaintiff testified that the defendant was still behind in his child support payments despite the $1,650.00 check. According to plaintiff's calculations, the defendant owed a total of $10,200 in child support for the period of August 1, 1985 to May 31, 1988. Of this amount, the defendant claims to have paid $9,705. (This sum includes the check for $1,650.) However, due to one "missing" check of $175, the defendant could only document proof of payment of $9,530. Thus, the amount claimed by plaintiff as due and unpaid through the end of May, 1988, was $670.
The defendant testified at the hearing that he had in fact issued a check for $175 in February of 1988. However, he could not produce a cancelled check verifying his claim.
The defendant also claimed that he did not know that the child support award was in globo and that it was necessary to return to court to obtain a reduction after his older son obtained his majority. He testified that after Shane turned eighteen, he reduced the amount of the child support payments by one-half but added an extra $25. The defendant also indicated that his present wife, who handles all financial matters, was acting on his behalf when she corresponded with the plaintiff.[2]
At the hearing, the plaintiff testified that she had no record of receiving the February check for $175. She denied that she entered into any kind of agreement with the defendant to accept the amount of $1,650 in full settlement of past due child support. She testified that when she wrote the demand letter she had not calculated with precision all of the child support due. After she received the check of $1,650 from the present Mrs. Tuey, she conducted a thorough audit of her records and discovered that she was more than $600 in error.
*238 The trial court found that the defendant had not made the February payment of $175 as claimed by the defendant. However, the court found that the parties had entered into an agreement through the exchange of letters by which the plaintiff agreed to accept $1,650 as full payment of the child support arrearages, and therefore the plaintiff was not entitled to collect the balance of $670 in child support which she claimed. The trial court admitted that it found the issue to be "very close" and that it was relying upon Timm v. Timm, 511 So.2d 838 (La.App. 5th Cir.1987). The trial court ordered the defendant to pay costs, but declined to award attorney fees. The trial court also found that the defendant was in arrears for the sum of $100 which was due for the month of June. The trial court declined to hold either party in contempt.
A judgment in conformity with the trial court opinion was signed on July 5, 1988. The stipulations entered into by the parties concerning future child support and visitation were made part of the judgment. The judgment also made executory the amount of $100 which was past due for June. The court assessed all costs against the defendant. Additionally, the trial court denied the reciprocal demands of the parties to hold each other in contempt and responsible for attorney fees.
The plaintiff appeals from the trial court judgment. The plaintiff's assignments of error may be summarized as follows: (1) The trial court erred in finding that the plaintiff had entered into a compromise and settlement of the child support arrearages owed by the defendant; (2) the trial court erred in finding that the defendant's present spouse was authorized to act on the defendant's behalf to enter into such an agreement with the plaintiff; and (3) the trial court erred in refusing to award attorney fees pursuant to LSA-R.S. 9:305. Our disposition of the plaintiff's first assignment of error makes consideration of the second assignment unnecessary.

CHILD SUPPORT ARREARAGES
The plaintiff argues that the trial court erred in finding there was an agreement between the parties by which she agreed to accept $1,650 in full payment of the defendant's arrearages on his child support obligation. The plaintiff also contends that, as a mother, she could not enter into an enforceable agreement to deprive her son of child support unless the child received some benefit as a result of the agreement.
A child support award may not be modified, reduced, or terminated unless: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award. Boudreaux v. Harrington, 496 So.2d 1278 (La.App. 3rd Cir.1986).
"It is settled that parents may agree to modify the amount of child support fixed by judgment, and such agreement will be given effect if it is in the interest of the child. But, for such an agreement to be effective, the parties must clearly agree to such modification. Moreover, the burden of proof is on the party relying on the agreement to relieve him of his obligation, or to modify his obligation, under the judgment to prove the existence of the agreement." Gomez v. Gomez, 421 So.2d 426 (La.App. 1 Cir.1982); Alloway v. Rodrigue, 451 So.2d 1348 (La.App. 1st Cir. 1984).
The only way that a judgment of the court awarding child support can be extrajudicially affected is by a specific agreement between the parties, and such agreement must not be detrimental to the child. Cummings v. Cummings, 469 So.2d 17 (La.App. 1st Cir.1985).
Whether there exists an agreement between parents to suspend or modify support payments is a question of fact. The trial court is vested with great discretion in determining factual matters; in the absence of manifest error, its decision will not be overturned. Landry v. Landry, 516 So.2d 217 (La.App. 4th Cir.1987).
Additionally, in an in globo award there is no automatic termination of a portion of the child support when one of the children reaches majority. The parent is not entitled to reduce the child support *239 payments on a pro rata basis without seeking court modification of the judgment. Timm v. Timm, supra.
In light of the evidence presented in this case, we conclude that the trial court committed manifest error in ruling that the parties entered into an agreement whereby the plaintiff clearly agreed to waive the remainder of the child support arrearages. The plaintiff testified that she did not enter into an agreement with the defendant. Rather, she stated that she made an error in her calculation of the sum owed to her. This testimony was not disputed.
The evidence demonstrates the plaintiff sent a letter to the defendant in an effort to prompt him to pay the considerable amount of delinquent child support which he owed. Examination of the letter indicates that the plaintiff was not extending an offer to the defendant to release him from a portion of his obligation in exchange for his prompt payment of a partial sum. To the contrary, the plaintiff's letter recited an amount that she obviously thought was the full sum due and threatened to rule the defendant back into court if he failed to pay.
The defendant never testified that the plaintiff agreed to accept a portion of the arreage, and to forego collecting the balance. Nor did he testify that he believed that there was such an agreement between him and the plaintiff. He testified that he simply paid the amount set forth in the letter.
In his testimony, the defendant discussed the amount of child support contained in the plaintiff's letter:
And as of that letter, she put as of that date I was that much behind. And I figured that was probably right after we checked the records and I've been paying like a hundred seventy-five dollars ($175.00) a month since Shane turned eighteen thinking I was paying a little bit more.... [emphasis ours]
We find that the trial court erred in finding that there was an agreement. First, the mathematical error as to the exact amount owed by the defendant constituted a bilateral error of fact which vitiated consent. LSA-C.C. Art. 1949, 1950. Also, if we construe the alleged agreement as a compromise between the parties, the Civil Code provides that "... an error in calculation may always be corrected." See LSA-C.C. Art. 3078; Cf. Sixth District Building & Loan Association v. Mattes, 181 So. 618 (La.App. Orleans 1938), in which the creditor was allowed to collect the full amount owed by its debtor, even though the creditor made an error in calculating the balance due and the debtor paid the erroneous amount without knowing whether it was correct or incorrect.
Inasmuch as we find that plaintiff did not clearly agree to forgive and remit the balance of the child support which was due, we need not address the question of whether such an agreement, if made, would have been of genuine benefit to the child.
Based on the foregoing, we find that the defendant owed the plaintiff arrearages in child support in the amount of $670. This amount shall be made executory.

ATTORNEY FEES
The plaintiff also contends that the trial court erred in refusing to assess attorney fees against the defendant pursuant to LSA-R.S. 9:305. She also argues that the trial court should have awarded attorney fees since it rendered judgment making the child support payment for the first half of June, 1988, executory.
LSA-R.S. 9:305 provides:
When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party. [emphasis ours]
The jurisprudence interpreting this statute indicates that the trial court has much discretion in determining whether good cause exists for nonpayment of support obligations, and that trial court decisions on this issue will not be overturned absent a showing of abuse of discretion. The jurisprudence also indicates that good cause for nonpayment of support obligations exists *240 when the defendant is not arbitrary and capricious in his failure to make payments and when there is an honest misunderstanding as to the effective date of such obligations. Harris v. Harris, 505 So.2d 835 (La.App. 2d Cir.1987).
As to the judgment making the $100 payment for June executory, we find no abuse of discretion by the trial court in denying attorney fees. Additionally, we must also consider the question of awarding attorney fees in light of our holding that the defendant owed additional child support arrearages.
Under the circumstances of the present case, we find that an award of attorney fees against the defendant is not justified. The plaintiff's own error in calculation contributed greatly to the defendant's failure to pay the full amount of accrued child support when called upon to do so.
Therefore, we affirm the trial court's refusal to award attorney fees.

CONCLUSION
Based upon the foregoing, judgment shall be rendered in favor of the plaintiff and against the defendant for the past due child support owed through May 31, 1988, in the additional amount of $670, which judgment is made executory, plus all costs. Insofar as the trial court judgment made the sum of $100 in child support arrearages for June, 1988, past due and executory and declined to award attorney fees, the judgment is affirmed.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and, therefore, the following paragraph is added to the trial court's judgment of July 5, 1988:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Virginia Lowe Tuey Davis, and against the defendant, Ronald Wayne Tuey, in the full sum of SIX HUNDRED AND SEVENTY AND NO/100 ($670.00) DOLLARS, for past due child support through May 31, 1988, together with legal interest on such sum from date of judicial demand until paid, said judgment being hereby made executory, plus all costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
SEXTON, J., concurs.

ON APPLICATION FOR REHEARING
Before SEXTON, LINDSAY, HIGHTOWER, HALL and NORRIS, JJ.
Rehearing denied.
NOTES
[1] No copy of this judgment is found in the record.
[2] Apparently, Lisa Tuey did not testify during the portion of the hearing dealing with the child support arrearages. The record before this court does not contain a full transcript of the June 14, 1988, hearing. References in the defendant's brief to Lisa Tuey's testimony prompted us to direct the district court to supplement the record with any testimony given by Lisa Tuey. Our examination of her testimony demonstrates that she testified only as to the contempt rule and that she gave no testimony as to the alleged "agreement" pertaining to the child support arrearages.