VICTORY, Judge.
This appeal arises from a father’s petition to reduce child support and a mother’s petition to accrue arrearages in child support. The trial court reduced the monthly child support award and awarded arrearag-es without interest. The mother appeals. We affirm in part, and reverse in part.
FACTS
Charles Stephen Magown and Melinda Mathis Magown (Deen) were married in 1977, and had a son on April 11, 1980. Following their physical separation in October 1982, a judgment of legal separation was signed on February 14, 1983 ordering Mr. Magown to pay $500 monthly child support. On April 1, 1983, Mr. Magown lost his job at Exxon and moved for a reduction. The trial court reduced his monthly child support payments to $350, which we affirmed in Magown v. Magown, 441 So.2d 506 (La.App.2d Cir.1983).
On November 23, 1983, the trial judge signed a judgment of divorce in which Mr. Magown agreed to again pay $500 monthly child support and to maintain health insurance on the child.
Mr. Magown was rehired by Exxon in February 1984 and continued to work there until the oil business declined in 1985. Thereafter, in 1986 he opened German Motor Works, an auto sales and repair business. That same year, Ms. Magown remarried and later had a child by her second husband, Bobby Deen, with whom she now lives in Mississippi.
In early 1989, Mr. Magown contacted Mrs. Deen in an effort to reach an agreement to reduce his monthly child support obligation back to $350. On February 2, 1989, the parties agreed to the reduction with the further agreement that Mr. Ma-gown would drive from Monroe to Magee, Mississippi to pick up his son for weekend visitations.
On January 31,1991, Mr. Magown filed a rule for a further reduction in child support, alleging he was unable to continue to pay the $350 agreed on in 1989. Ms. Deen then filed a petition praying for child support arrearages of $6,750, plus costs, attorney fees, and interest.
Following a hearing, the trial judge reduced the amount of monthly child support to $250 during the school year, and to $125 during the summer months when Mr. Ma-gown would have his son. Pursuant to the parties’ stipulation, the trial court ordered Mr. Magown to pay $6,750 in arrearages and $350 in attorney fees, but refused to *882 award interest on the back due child support.
CHILD SUPPORT
An award of child support may be modified, reduced, or terminated when: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award. Tuey v. Tuey, 546 So.2d 235 (La.App.2d Cir.1989); Boudreaux v. Harrington, 496 So.2d 1278 (La.App. 3d Cir.1986).
LSA-R.S. 9:311 provides that an award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Our initial inquiry is whether Mr. Magown was required to prove a change of circumstance since the last judicial award in November, 1983, or since the extra-judicial agreement of February 2,1989. Extrajudicial agreements to modify child support are enforceable if they can be proven, and if they are not detrimental to the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Timm v. Timm, 511 So.2d 838 (La.App. 5th Cir.1987); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986); and Feazell v. Feazell, 445 So.2d 143 (La.App. 3d Cir.1984).
Here, both parties acknowledged the February, 1989 agreement to reduce the child support to $350. It is reasonable to conclude that the parties took into account their respective circumstances existing at the time of the agreement. In order for one of the parties to further modify the agreement, he or she would have to prove that the current circumstances had changed to such a degree as to warrant a change in the $350 monthly child support agreement. For these reasons, we hold Mr. Magown was obligated to show a change of circumstances since their February 2, 1989 oral agreement.
Although Mr. Magown showed several changes of circumstances since the November 1983 judgment, he failed to show any change of circumstances since their February 1989 agreement. While Ms. Deen now has a part-time job, we are unable to determine from the record when she began this employment. There is evidence suggesting she was already employed at the time of their February, 1989 agreement. Although Mr. Magown states that he owns a building with a large debt, the evidence suggests he probably had it prior to the 1989 agreement. He claimed a car wreck caused serious business problems, but failed to prove when the loss occurred. Although he testified his business suffered losses for the last three years, the agreement also occurred within the last three years. Mr. Magown produced his income for 1990 and part of 1991, but he failed to prove his income or expenses at the time of the February, 1989 agreement.
In sum, Mr. Magown failed to prove the circumstances of the parties as of February, 1989 and failed to prove a change of circumstances since that time. Therefore, the trial judge was in error in ordering a reduction in child support.
INTEREST
The court minutes reflect the following stipulation entered on March 4, 1991:
Mr. Magown will pay $3,000.00 today on the past due child support and the balance of $3,750.00 will be paid in sixty (60) days. Attorney fees set at $350.00.
A stipulation is considered the law between the parties. State, DOTD v. Clark, 548 So.2d 365 (La.App.2d Cir.1989), writ denied 552 So.2d 395 (La.1989). Pursuant to this stipulation, the trial judge awarded the arrearages without mention of interest. Mrs. Deen now contends the trial judge was in error in not awarding interest.
The minute entry indicates the parties agreed Mr. Magown was to pay $3,000 immediately and “the balance of $3,750” 60 days later (emphasis added). Such an agreement may be reasonably construed to mean the parties agreed to full satisfaction of Mr. Magown’s debt by paying a total of $6,750. The minute entry constitutes the sole evidence in the record of the parties’ *883 agreement on back due support. Although we agree that child support payments bear interest from the date due, under the wording of the stipulation found in the minutes, the trial judge was not clearly wrong in determining the parties had stipulated no interest would be paid. See Patout v. R. S. & R., Inc., 342 So.2d 1161 (La.App. 1st Cir.1977).
DECREE
Finding no evidence of a change in circumstances since the parties 1989 agreement, we reverse the judgment reducing monthly child support from $350 as agreed upon by the parties. We affirm the trial judge’s ruling that no interest was owed on the arrearages.
AFFIRMED IN PART, REVERSED IN PART.