ELLIS, Judge:
This is an appeal by defendant Charles Robert Carter from a judgment fixing past due alimony and child support in the amount of $3,400.00, and finding him to be in contempt of court for failure to pay as ordered.
The record shows that plaintiff Sarah Watson Carter was awarded a divorce from defendant by judgment dated July 13,1979. In that same judgment, she was awarded custody of the three minor children of the marriage, child support in the amount of $2,025.00 per month and alimony in the amount of $675.00 per month. That judgment was appealed, and has been affirmed in an unpublished opinion by another panel of this court. See Carter v. Carter, No. 13,308.
On September 5, 1979, Mrs. Carter brought a rule for contempt and for a judgment making past due alimony executory. This rule was heard on September 20, 1979, but, as of the date of the judgment appealed from herein, had not been decided by the trial judge, apparently because Mr. Carter’s attorney had failed to file a brief which he had requested permission to file.
On October 31, 1979, the rule being considered herein was filed by Mrs. Carter, alleging additional arrearages in alimony and child support during the month of October, and praying that the additional amounts be made executory and that defendant be found in contempt for failure to pay alimony and child support as ordered. The hearing was held on November 15, 1979, at which time defendant was found to be $2,900.00 in arrears, and adjudged to be in contempt.
In this court, defendant argues that the original judgment of July 13, 1979, was erroneous, and that the judgment fixing arrearages must also be found erroneous. Since we have affirmed the July 13 judgment in case no. 13,308, this argument is without merit.
The other assignment of error is that defendant should not have been found in contempt of court because he is unable to pay the alimony awarded by the judgment of July 13, 1979.
The record affirmatively shows that Mr. Carter has a net worth in excess of $1.2 million, owns unencumbered real estate from which he receives an income of about $60,000.00 per year, has certificates of deposit of about $180,000.00, from which he receives interest income; and owns other encumbered revenue producing property. His financial situation was considered by the trial judge when fixing the original award, which has now been affirmed by this court, and it has not changed materially since that time. Mr. Carter’s argument seems to be that he must use his income to satisfy debts owed by his separate estate and the community estate, and cannot afford to pay the amount fixed by the trial judge.
We find no abuse of discretion in the finding of the trial judge that Mr. Carter is financially able to pay the alimony and child support fixed herein, or in his finding that Mr. Carter is in contempt of court because of his failure to make the payment as ordered.
We find no evidence that Mr. Carter has made a good faith effort to comply with the court’s order to pay alimony and child support. If anything, the record indicates to the contrary. See Nelson v. Nelson, 311 So.2d 265 (La.App. 1st Cir. 1974).
*662 The judgment appealed from is affirmed, at defendant’s cost.
AFFIRMED.