SCHOTT, Judge.
This is an appeal by the father from a judgment in favor of his divorced wife making past due support payments executo-ry in the amount of $1442.00. The issue in the trial court was whether the parties had agreed to reduce the weekly payments by amounts spent by the father on items he supplied to his son. The issue on appeal is whether the trial court erred in failing to find such an agreement except with respect to $88.00 the father paid for dental bills incurred for the boy.
The father was originally ordered to pay $40.00 per week to the mother for the boy’s support. At trial time $1530.00 would have been due. The father testified that he had bought a television set, a bicycle and clothing for his son, paid his dental bills, and purchased government savings bonds in the name of himself or his son pursuant to an agreement with the mother that he would be credited with these expenditures against his support obligation.
The mother denied making any agreement but admitted that he had taken the boy to the dentist on four occasions and paid $88.00 for these visits. She had acquiesced in his proposal to pay $50.00 every two weeks as a convenience to him but never with the understanding that he would not owe the difference. She stated that the television set and bicycle were gifts to the boy by his father and had nothing to do with his support obligation.
Parents may agree to modify the amount of support set by judgment, and such an agreement will be enforced if it is in the child’s interests. But the parties must clearly agree to such a modification and the burden of proof is on the party relying on the agreement to relieve him of his obligation under the judgment to prove the existence of the agreement. Dubroc v. Dubroc, 388 So.2d 337 (La.1980).
Appellant’s case was based on his own testimony which was rejected by the trial court except with respect to some of the dental bills. The judgment on appeal is a factual conclusion that appellant did not prove the parties did “clearly agree” as required by the Dubroc case. Since the record establishes that this finding is not clearly wrong, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the judgment is affirmed.
AFFIRMED.