421 So.2d 426 (1982)
Malcolm R. GOMEZ
v.
Elodie Winnifred Pichon GOMEZ.
No. 82 CA 0215.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*427 Edward A. Shamis, Jr., Slidell, for plaintiff, appellee.
A.D. Freeman, New Orleans, for defendant, appellant.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
This is an appeal by the former wife, Elodie Winnifred Pichon Gomez, from a judgment of the trial court insofar as it allowed her former husband, Malcolm R. Gomez, credit against unpaid child support. Gomez has answered the appeal, contending that the judgment fails to allow him proper credit for all amounts he has paid in lieu of his child support obligation.
The record reflects that Gomez sued for divorce against his wife on November 30, 1978, on the grounds of two years' separation. In the divorce petition, Gomez agreed to pay the defendant $250 monthly for the support of their two minor children, Merreil Ramon and Malcolm Rafael, whose ages were then 10 and 4 years, respectively. He also agreed to pay all medical bills and to maintain medical insurance on the children. Judgment of divorce in favor of the plaintiff, with custody to the mother and the child support and the medical expenses fixed in accordance with the agreement, was decreed on December 4, 1978.
On April 10, 1981, Mrs. Gomez filed a rule nisi for executory judgment, for contempt, and for attorney's fees, alleging that Gomez had failed to pay child support for the months of January through December of 1979 and January through November of 1980, amounting to a total delinquency of $5,750.
On June 1, 1981, the rule was heard. The trial court rendered a judgment, finding that Mrs. Gomez was entitled to an executory judgment against Mr. Gomez in the full sum of $5,750, with legal interest on each installment from the day it became due until paid, subject to a credit of $2,945.55. The judgment also provided for attorney's fees in the sum of $450.00, and for all costs of the rule.[1] The judgment of June 1, 1981, was not signed until November 19, 1981. Mrs. Gomez has appealed only that part of the judgment which allows a credit of $2,945.55 to Gomez.
The testimony of plaintiff in rule, Mrs. Gomez, establishes that no payments of child support were specifically or directly paid to her, or tendered to her in accordance with the judgment of December 4, 1978, for the periods of January through December, 1979, and January through November, 1980. The total arrearage in the amount of $5,750 was also established by Mrs. Gomez's testimony.
Although Gomez testified that he paid all of the child support payments for the period in dispute, he was unable to produce any checks or receipts to show payments of his monthly obligation of $250.
The trial court found that no child support payments were made directly to Mrs. Gomez; however, it did credit Gomez with certain payments which he made to others, as follows: $2,264.79 for utility bills, and $680.86 for automobile insurance on the vehicle of Mrs. Gomez.
*428 Mrs. Gomez testified that she never agreed with her husband to give him any credit on the child support he was ordered to pay in the divorce judgment. She testified there was no agreement between them concerning payments of obligations to third persons in lieu of payment of child support.
It is settled that parents may agree to modify the amount of child support fixed by judgment, and such agreement will be given effect if it is in the interest of the child. But, for such an agreement to be effective, the parties must clearly agree to such modification. Moreover, the burden of proof is on the party relying on the agreement to relieve him of his obligation, or to modify his obligation, under the judgment to prove the existence of the agreement. Williams v. Williams, 405 So.2d 1277 (La.App. 4 Cir.1981).
In the case at bar the father's case was based solely on his own testimony, which was unsupported by any checks or receipts, and is unsubstantiated by any other corroborative evidence. Thus, we find that the defendant in rule has failed to prove that there existed an agreement between him and his former wife to modify the child support judgment so that he could satisfy his obligation by the payment of utility bills and car insurance premiums, or any payment to a third person. The husband did not prove that the parties did "clearly agree."
For the reasons assigned, we amend the judgment to disallow the credit of $2,945.65 to Malcolm R. Gomez, and to render judgment in favor of Elodie Winnifred Pichon Gomez and against Malcolm R. Gomez in the full sum of $5,750.00, with legal interest on each child support installment from the date it became due until paid. In all other respects the judgment is affirmed. We cast the defendant in rule, Malcolm R. Gomez, with costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The judgment also declined to hold Gomez in contempt; it designated specific child visitation rights to Gomez; and it expressly ordered Gomez to make all future payments of child support to Mrs. Gomez in accordance with prior court orders.