BARRY, Judge.
A father appeals a judgment making $3,200.00 child support arrearages executo-ry[1]. He claims the Family Court refused *224 to receive evidence and recognize an oral agreement whereby his former wife waived her right to the support payments. He also contends the amount found to be past due is wrong because the lower court failed to consider “in-kind” payments.
On December 4,1979, prior to the parties’ divorce, the father was ordered to pay child support of $87.50 every two weeks. The divorce was rendered January 30, 1980 and provided the child support was to remain in effect. Defendant-father is a public school teacher earning about $15,000-$16,000 paid over twelve months. His salary was somewhat less each previous year and was then paid over a ten month period. He testified the support was paid the first five months, but he was unable to pay after that because he did not have income during the two summer holiday months.
Defendant claims when he was unable to pay in the summer of 1980, he telephoned his ex-wife and explained his financial straits. He said she was sympathetic and agreed that, in lieu of the court-ordered payments, he could provide clothing and other items for their child on an “as-needed” basis. Defendant could not recall if he and his ex-wife had discussed this agreement in person, but said they did several times on the phone. Although he was “unemployed” only two months of the year, defendant asserted the agreement was effective from the summer of 1980 through the spring of 1982 when plaintiff-mother filed her rule for arrearages. After notice of the rule, defendant assumed the agreement was no longer effective and tendered support payments for the next three months, which his ex-wife refused.
Plaintiff flatly denied she ever agreed to modify or suspend the court-ordered child support. She said the defendant paid only about $500 in the two and one-half years since the support was ordered. Plaintiff testified she supported their daughter until April, 1981 when she had to stop working for medical reasons.
Contrary to defendant’s complaint, the record shows he was afforded ample opportunity to present evidence of the alleged oral agreement to suspend his support obligation. Defendant testified several times (on direct, cross, and re-direct) that he and his former wife made such an agreement. Plaintiff directly contradicted her ex-husband’s testimony and the Trial Judge obviously found her to be more credible.
The test for judicial recognition of a modified support judgment was delineated in Dubroc v. Dubroc, 388 So.2d 377, 380 (La. 1980):
... [A]n agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child.... [I]f the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child’s maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable.
The court cautioned that “... under settled law, the wife’s mere acquiescence in the husband’s failure to pay the full amount of support does not amount to a waiver. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Gehrkin v. Gehrkin, 215 La. 950, 45 So.2d 89 (1950);” see also In The Matter of Andras, 410 So.2d 328 (La.App. 4th Cir. 1982).
As this Court noted in Williams v. Williams, 405 So.2d 1277, 1278 (La.App. 4th Cir.1981):
[T]he parties must clearly agree to such a modification and the burden of proof is on the party relying on the agreement to relieve him of his obligation under the judgment to prove the existence of the agreement. (Emphasis in original.)
Like the defendant-husband in Williams, appellant’s entire case rests on his testimony which was rejected by the trial court. We find no error in the lower court’s tacit holding that the defendant did not prove the parties “clearly agreed” to suspend defendant’s obligation. He simply did not carry his burden of proof.
*225 Trial was held June 9, 1982, at least two years after defendant stopped complying with the support order, and defendant’s arrearage amounted to approximately $4,550[2]. Plaintiff, however, only sued for $3,800, acknowledging defendant paid about $500 during that period. Defendant produced cancelled checks (none are in the record before us) totalling about $750, some payable to plaintiff and others to clothing and shoe stores, etc., for items purchased for the child. The Trial Judge did not explain how he arrived at an arrearage of $3,200, but it appears he gave defendant credit for about $1,300 paid to plaintiff or to others on the child’s behalf and deducted this amount from the approximate $4,550 payable under the support judgment.
Contrary to defendant’s assertion, the trial court gave him the benefit of every doubt in computing the amount of past due child support. Plaintiff’s judgment for $3,200 reflects credit for all direct and “in-kind” payments for which defendant produced evidence.
ACCORDINGLY, the district court judgment is affirmed at appellant’s costs.
AFFIRMED.

. The Trial Judge also found the father in contempt, sentenced him to five days in jail, and awarded the mother $300 attorney’s fees.

. Defendant did not pay $87.50 every two weeks for approximately two years.