BYRNES, Judge.
This is an appeal from a judgment granting appellee, Sidney P. Roberts, a $2,175.00 credit on past due child support totaling $6,330.00. Mr. Roberts sought this credit based on his contention that he and his former wife had orally agreed to modify his $300.00/month support obligation.
At trial Mr. Roberts testified that he and his ex-wife had a telephone conversation in which they mutually agreed that if he paid her $215.00/month and maintained medical insurance on their children his support obligation would be fulfilled. Patrica Roberts, Mr. Roberts’ second wife testified that after this telephone conversation, Mr. Roberts made support payments and purchased insurance in conformity with the alleged agreement. The appellant denied the existence of an agreement, but admitted that she had received nine consecutive payments of $215.00/month after the agreement was allegedly made. She further admitted that Mr. Roberts had maintained the medical insurance on their children, and that she had used it for their benefit.
The trial judge, after hearing the testimony of the parties and evaluating their credibility ruled in favor of Mr. Roberts.
An agreement between parents to suspend or modify one spouse’s right to receive child support is enforceable, provided the agreement meets the requisites for a conventional obligation and does not interfere with the maintenance and upbringing of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980). The burden of proof in such a situation is on the party seeking to establish the existence of the agreement. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982).
In this case, Mr. Roberts’ testimony, corroborated by his second wife, was made more credible by proof that he purchased medical insurance for his children and that his ex-wife used it for their benefit. The fact that nine consecutive payments of $215/month were made provided further support for his contention that an agreement was reached. We also note that this agreement did not literally reduce the amount of support Mr. Roberts provided for his children, rather it substituted the purchase of health insurance for a portion of Mr. Roberts’ overall obligation. This arrangement obviously benefited the children since the insurance was used by their mother to cover medical expenses.
The trial judge, who had the opportunity to observe the demeanor of the witnesses, chose to believe Mr. Roberts’ version of the facts. His evaluation of the credibility of the witnesses should not be disturbed on appeal absent manifest error, and his findings in that respect should be accorded very great weight on review. Pearce v. Pearce, 348 So.2d 75 (La.1977).
*473 Having reviewed the record in this case we cannot say that the trial judge committed manifest error in reaching his decision. The judgment is therefore affirmed at appellant’s cost.
AFFIRMED.