496 So.2d 521 (1986)
James K. PATRICK
v.
Dorothy E. PATRICK.
No. 85 CA 0823.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*522 Donna W. Lee, Baton Rouge, for plaintiff-appellee Dorothy E. Patrick, Plaintiff-in-rule.
James D. Thomas, II, Baton Rouge, for defendant in-rule appellant James K. Patrick.
Before EDWARDS, WATKINS and PONDER[*], JJ.
WATKINS, Judge.
This is a child support dispute. The trial judge refused to enforce an oral agreement between the parties to reduce support. He also increased future support. We reverse in part and affirm in part.

FACTS
James K. Patrick and Dorothy E. Patrick were divorced in 1974. Mrs. Patrick was awarded custody of their two minor children: Erin, then age fifteen, and Christopher, then age six, and Mr. Patrick was ordered to pay $225.00 monthly child support in globo. Erin was married in the summer of 1977, and the Patricks orally agreed that Christopher would receive future support payments of $125.00 per month. Mr. Patrick paid this amount for more than six years. In February, 1984, Mrs. Patrick filed a motion to hold Mr. Patrick in contempt of the support order and, additionally, to make executory the *523 difference between the agreed support and the amount awarded in globo in 1974. Mrs. Patrick also sought an increase in future support payments, and Mr. Patrick later filed for a reduction.
After a hearing on the past due support and contempt rules, the trial judge found that the Patricks had agreed to modify the support order when Erin married, and refused to find Mr. Patrick in contempt of court. However, the trial judge found that the agreement was unenforceable, made $8,250.00 in past support executory,[1] and awarded Mrs. Patrick $350.00 in attorney's fees. After a second hearing on the future support rules, and for subsequent arrearages, the trial judge increased future monthly support to $400.00, made $725.00 in arrearages executory,[2] and awarded $300.00 in attorney's fees to Mrs. Patrick. These judgments were signed on February 12, 1985, and Mr. Patrick appealed.

THE MODIFICATION AGREEMENT
The general rule in Louisiana is that an alimony or child support judgment remains in effect until the party liable has it modified or terminated by the court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Weatherspoon v. Weatherspoon, 433 So.2d 319 (La.App. 1st Cir.1983). Thus a parent may not unilaterally modify or waive an in globo child support award even when one of the children attains majority. Halcomb, supra. However, the parents may modify a support judgment by agreement if it is in the interest of the child. Dubroc v. Dubroc, 388 So.2d 377, (La.1980). Such an agreement must be clearly proven, it must meet the requisites of a conventional obligation, and it must not interrupt the child's maintenance or upbringing or otherwise work to his detriment at the time it was made. Dubroc, supra; Roberts v. Roberts, 474 So.2d 471 (La.App. 4th Cir.), writ denied, 477 So.2d 709 (La.1985). The burden of proof of the existence of the agreement is on the party seeking to modify his obligation under the judgment. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982).
The agreement between Mr. and Mrs. Patrick to reduce the $225.00 per month in globo award for both Erin and Christopher's support to $125.00 per month when Erin married and left Mrs. Patrick's home was clearly proven by Mrs. Patrick's own admission. This is supported by the fact that Mr. Patrick made payments according to the agreement for more than six years before Mrs. Patrick sought to enforce the original judgment when he fell behind in paying support.
There is no evidence that the agreement failed to meet the requisites for a conventional obligation at the time it was made. See LSA-C.C. arts. 1756-1900 (repealed by Acts 1984, No. 331, effective January 1, 1985). Nor was the agreement contrary to Christopher's interest at the time it was made. Before Erin's marriage, the two children shared $225.00 per month. After the agreement, Mrs. Patrick received $125.00 per month for the support of Christopher, at that time a nine year old child. This was more than one half of the amount previously used to support both children. There is no evidence that the agreement deprived Christopher of continued support from his father or that the suspension of $100.00 per month when his sister left the home was detrimental to him.
To the contrary, the agreement was effected without exposing either parent to the expense of litigating a motion to reduce support. The Supreme Court in Dubroc upheld an agreement to reduce an in globo support award by one half when one child left the mother's care to live with the father. See also, Sims v. Sims, 422 So.2d 618 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 870 (La.1983) (upholding an oral *524 agreement to reduce payments of support to the mother while the child remained with the father); Nichols v. Nichols, 400 So.2d 1109 (La.App. 1st Cir.1981) (upholding an oral agreement to reduce in globo support upon the majority of two of the parties' four children); Siefert v. Siefert, 374 So.2d 157 (La.App. 1st Cir.1979) (upholding a temporary written waiver of child support by the mother to aid the father in his loan application); Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3rd Cir.1972) (upholding a written agreement to reduce payments of alimony and child support to the mother for one year because of the father's financial difficulties.)
To hold otherwise would be to prohibit the parties from agreeing to any out-of-court modification of an in globo child support award. As the Dubroc court noted, the Civil Code nowhere mandates a lawsuit for a change in alimony or child support. Dubroc, 388 So.2d at 379. At trial, Mrs. Patrick admitted her reason for agreeing to the modification: "It sounded reasonable since [Erin] was graduating and leaving the home." Once it became apparent that the agreed upon amount was insufficient for Christopher's support due to changed circumstances, Mrs. Patrick could have sought an increase, either by agreement, or by court action, as she eventually did.
We conclude that the agreement between Mr. and Mrs. Patrick to modify the in globo support judgment upon the majority of one of their children is enforceable and that Mrs. Patrick is not entitled to any amount of support in excess of the amount agreed upon. She is, however, entitled to judgment making the August, 1984, support payment of $125.00 executory, and for the resultant attorney's fees of $300.00 as awarded by the trial court.

THE INCREASE IN CHILD SUPPORT
We now address the propriety of an increase in future support to $400.00 per month. Although we find that the 1977 agreement to modify the 1974 support order is enforceable, we agree with the trial judge that Mrs. Patrick is now entitled to increased child support for Christopher.
Agreements and judgments involving child support are always subject to modifications in accordance with the circumstances, regardless of language to the contrary. See DeHaven v. DeHaven, 412 So.2d 537 (La.1982); Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983). A party seeking to modify a judgment awarding child support bears the burden of showing that there has been a change in circumstances of one of the spouses or the child. See Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985). A consent judgment of alimony or child support is generally not subject to modification unless a change of circumstances supporting the modification is proven. Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3rd Cir.1984), writ denied, 465 So.2d 736 (La.1985). However, the parties to a consent judgment of child support may stipulate that an adjustment of support may be made even without proof of changed circumstances. Aldredge v. Aldredge, 477 So.2d 73 (La.1985).
We find no need to decide whether an oral agreement to modify a prior judgment of child support may itself be modified absent a showing of a change in the financial situation of the parties or the child. Here, the evidence clearly indicates a change in the circumstances of the parties since their 1977 agreement, and that an increase would presently be in Christopher's best interest.
The original in globo award for Christopher and Erin was made in 1974, and the agreement to modify was made in 1977. At the time of the agreement, Christopher was a nine year old boy, and at the time of trial had grown to a 6' 2", 200 pound teenager. Mrs. Patrick testified to the increased expenses incurred by Christopher for braces, extra-curricular activities, boy scout expenses, automobile expenses, and special athletic equipment. She testified to a net monthly income of $688.00, and total monthly expenses in excess of $1,370.00. The trial court found that the expenses *525 attributable to Christopher were $480.00 per month. By contrast, Mr. Patrick, an accountant, had a net monthly income before taxes in excess of $3,000.00, which was more than twice his monthly income at the time of the divorce. Mr. Patrick testified to losses from two transmission businesses he entered after the divorce, to the expenses incurred by his present wife and her two children, and to the loan payments he must make.
The trial court's credibility findings are entitled to great weight and cannot be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977). In determining the amount of child support, the trial judge is vested with discretion and his judgment must be affirmed in the absence of manifest abuse. Jones v. Jones, 351 So.2d 825 (La.App. 1st Cir.1977). After a careful review of the record, we find the trial court considered the change in circumstances alleged, and did not abuse its discretion in increasing support to $400.00 per month.
The judgment of the trial court is reversed insofar as it made executory past support in excess of that agreed to by the parties and awarded attorney's fees in that regard. The judgment is affirmed insofar as it made executory past child support of $125.00, awarded Mrs. Patrick $300.00 in attorney's fees, and increased future child support to $400.00 per month. Costs of this appeal are assessed one-half to James K. Patrick and one-half to Dorothy E. Patrick.
REVERSED IN PART, AFFIRMED IN PART.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] This figure apparently represents the disputed $100.00 per month (the difference between the 1974 in globo support award, $225.00, and the 1977 support agreement, $125.00) from the summer of 1977 through trial in February, 1984.
[2] This figure represents the disputed $100.00 per month for the months of March, 1984, through July, 1984, plus the full $225.00 payment allegedly due for August, 1984.