622 So.2d 730 (1993)
Sonja TRISLER
v.
Carey TRISLER.
No. 92 CA 0617.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Rehearing Denied August 31, 1993.
Frederick A. Duhy, Jr., Baton Rouge, for plaintiff-appellee Sonja Trisler.
J. Donald Cascio, Denham Springs, for defendant-appellant Carey Trisler.
Before LOTTINGER, C.J., and EDWARDS, LEBLANC, FOIL and FOGG, JJ.
FOGG, Judge.
The issue raised presented in this domestic case is whether or not the trial court erred in finding an extrajudicial agreement to reduce the husband's child support obligation unenforceable.
Sonja Trisler and Carey Trisler were divorced on July 6, 1981. At that time, Mrs. Trisler was awarded permanent custody of the couple's three children and Mr. Trisler was ordered to pay child support in the amount of $800 per month and to provide dental and medical insurance for the children. Mr. Trisler paid $800.00 per month until July of 1985, when the parties agreed to reduce the child support obligation to $600.00 per month. From July of 1985 through September of 1990, Mr. Trisler paid $600.00 per month. In September of *731 1990, the couple's oldest child reached the age of majority and Mr. Trisler reduced the child support payment to $400.00 per month.
In January of 1991, Mrs. Trisler filed the instant rule for past due child support, seeking arrears in the sum of $200 per month from July of 1985 through August of 1990 and in the sum of $400 per month beginning in September 1990. At trial, the court found the agreement entered into by the parties in July of 1985 unenforceable. Mr. Trisler conceded that he erred in reducing his child support payments by $200 per month when the oldest child reached the age of majority. Judgment was rendered, setting arrearages in the sum of $14,000.00, less a credit of $700.00; awarding attorney fees to Mrs. Trisler in the sum of $750; making Mrs. Trisler the domiciliary parent; and setting forth a visitation schedule. Mr. Trisler has appealed that judgment, contending only that the trial court erred in finding that the July 1985 agreement was unenforceable.
Generally, a child support award remains in effect until it is modified or terminated by the court. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Weatherspoon v. Weatherspoon, 433 So.2d 319 (La. App. 1st Cir.1983). A judgment of the court awarding child support can be extrajudicially modified by agreement of the parties. Such an agreement must be clearly proven, it must meet the requisites of a conventional obligation, and it must not interrupt the child's maintenance or upbringing or otherwise work to his detriment at the time it was made. The burden of proof of the existence of the agreement is on the party seeking to modify his obligation under the judgment. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir. 1986).
Both Mr. & Mrs. Trisler testified that in July of 1985 they agreed to reduce Mr. Trisler's child support obligation to $600 per month, due to financial difficulties Mr. Trisler was experiencing. Mr. Trisler testified that the reduction was not limited to a definite period of time. Mrs. Trisler stated that when the agreement was made no time-frame was discussed. However, she understood that the agreement would continue only until Mr. Trisler resolved his financial difficulties and that she would eventually receive all sums withheld. Mr. Trisler paid that sum for more than five years before Mrs. Trisler brought the instant rule.
The agreement meets all the requirements of a conventional obligation. See La.C.C. art. 1756 et seq. The testimony of both parties is that no time-frame was discussed when they agreed to reduce the child support obligation. Therefore, we find that the agreement was for an indefinite period of time.
There was no evidence before the court indicating that the children were adversely affected by the reduction in support. In fact, Mrs. Trisler testified that, after the decrease, the children received their normal maintenance, food, shelter and clothing and participated in school activities. To find that an extrajudicial agreement is not in the best interest of the children simply because it reduces the support award would jeopardize all such agreements. See Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986). Such is contrary to the case of Dubroc v. Dubroc, 388 So.2d 377 (La. 1980) wherein the supreme court upheld the validity of such an agreement.
We conclude that the agreement of July 1985 between Mr. and Mrs. Trisler to reduce the child support award is enforceable and that Mrs. Trisler is not entitled to any amount of support in excess of the amount agreed upon.
It is unclear from the record what part of the sum set as arrearages by the trial court is attributable to the reduction in child support which began in September of 1990. Therefore, in the interest of justice, we will remand the case for a determination of the amount of this arrearage. See La.C.C.P. art. 2164.
Mr. Trisler filed a peremptory exception raising the objection of prescription with this court, contending that six of the payments *732 prescribed in that they were due more than five years prior to the filing of the rule for past due child support. The disposition of the foregoing issues render the exception of prescription moot. Therefore, we deny the exception.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it sets arrearages for past due child support in excess of the amount agreed to by the parties. The case is remanded to the trial court for a determination of the amount of arrearages due as a result of the reduction of the support payments that began in September of 1990. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Sonja Trisler.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
FOIL, J., dissents. I would affirm the trial judge and adopt his reasons.