665 So.2d 48 (1995)
Margaret Newman PALMER
v.
Fred A. PALMER, III.
No. 95 CA 0608.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*49 Vincent A. Saffiotti, Baton Rouge, for Plaintiff-Appellee Margaret Newman Palmer.
James C. Percy, Baton Rouge, for Defendant-Appellant Fred A. Palmer, III.
Before SHORTESS, GONZALES and KUHN, JJ.
KUHN, Judge.
In this appeal, divorced parents dispute whether the claimant-mother is entitled to recover past-due child support. This appeal raises the issue of whether the father is entitled to a credit for child support for a twenty-nine month period of time during which one of the three children of the marriage resided with him and during which time the father provided full support for the child. The parties dispute whether the mother agreed to a reduction of support during that time period and for a subsequent period of time during which the three children resided with the mother. The trial court's award of past-due child support is affirmed in part and reversed in part.

FACTS
Plaintiff-appellee, Margaret Newman Palmer, and defendant-appellant, Fred A. Palmer, III, were divorced on July 30, 1987. Pursuant to a consent judgment, Mr. Palmer was ordered to pay child support in the amount of $666.67 per month for each of the children born of the marriage, Brian, Marc and David. The parties agreed to the exercise of joint custody with Mrs. Palmer's residence designated as the children's primary domicile.
Mr. Palmer paid the full amount of the child support until April of 1988, when Brian's primary residence changed from his mother's house to his father's house. Mrs. Palmer explained that Brian wanted to live with his father at that time. He was not doing well in school, and she felt if Brian needed to return home to be able to do better in school, he should live with his father. She contacted Mr. Palmer and asked if he would take Brian. Mr. Palmer agreed to the arrangement, and Brian lived with his father until the latter part of August 1990, when his mother requested he return to live with her.
The parties do not dispute Brian lived with his father for a twenty-nine month period, and during that time Mr. Palmer provided Brian's sole support. During that period of time, Mr. Palmer paid $1,333.33 each month to Mrs. Palmer for child support. He testified *50 he and Mrs. Palmer had discussed a reduction in child support and agreed his payments would be reduced by one-third because of the new living arrangement for Brian. He further testified that Mrs. Palmer never asked him to pay more support during that time period.
Mrs. Palmer testified she and Mr. Palmer did not have any discussions regarding the amount of child support Mr. Palmer would pay during the time Brian lived with his father. When Mr. Palmer reduced the amount of the support payment, she did not ask any questions. She testified she knew why he had reduced the payments, but she did not agree to the reduction.
After Brian returned to live with his mother, Mr. Palmer began paying child support in the amount of $1,500.00. Mrs. Palmer explained that Mr. Palmer indicated he could not pay her the support for the third child. She testified she requested payment of $1,500.00 per month for the months of September through December of 1990. After that time, she requested payment of the full child support obligation in the amount of $2,000.00 per month or that Mr. Palmer demonstrate through the court by January 1, 1991, that he could not pay the court-ordered amount. When he failed to take legal action as of January 1, 1991, she expected the monthly support to be paid in the amount of $2,000.00. When she received the first check in the amount of $1,500.00, she sent it back to him. When he informed her he did not have the full amount and returned the check to her, she accepted it. He continued to pay support in the amount of $1,500.00 each month through August of 1994. Mrs. Palmer explained her agreement to reduce the support payments for the four month period from September through December 1990 was the only agreement she had made regarding reduction of the child support payments.[1]
Mr. Palmer testified that when he and Mrs. Palmer met to discuss Brian's living arrangements during August of 1990, he told Mrs. Palmer he did not have enough money to pay her $2,000.00 per month and he would attempt to pay her $1,500.00 each month. He told her if they could not reach an agreement, they could return to court to have the child support amount fixed. He further testified Mrs. Palmer agreed to his proposed modification of the support to $1,500.00 with no suggestion the amount of support would change in January of 1991.

PROCEDURAL BACKGROUND
During June of 1994, Mrs. Palmer filed a rule seeking to recover past due child support payments from Mr. Palmer, seeking the difference between the $2,000.00 per month (the total of the monthly custody awards as ordered in the consent judgment) and the amounts actually paid by Mr. Palmer. After a hearing on this matter, the trial court fixed the amount of support in arrears at $43,333.43, subject to a credit for the four months of arrearages which accrued during the four-month period for which Mrs. Palmer withdrew her claim to collect, and awarded judgment in favor of Mrs. Palmer and against Mr. Palmer in that amount.
Mr. Palmer has appealed this judgment, contending the trial court erred in failing to find he had clearly proved an agreement between the parties to modify the child support award.

ANALYSIS
The general rule in Louisiana is that a child support judgment remains in full force until the party ordered to pay it has the judgment modified, reduced or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013, 1015-1017 (La.1977). However, there are jurisprudential exceptions to this general rule.
Our courts have recognized that a judgment awarding child support can be extrajudicially modified by agreement of the *51 parties. Such an agreement must meet the requisites of a conventional obligation and the evidence must establish the parties have agreed to waive or to otherwise modify the court-ordered payments. Dubroc v. Dubroc, 388 So.2d 377, 380 (La.1980); Trisler v. Trisler, 622 So.2d 730, 731 (La.App. 1st Cir.1993). The agreement must foster the continued support and upbringing of the child; it must not interrupt the child's maintenance or upbringing or otherwise work to his detriment. Dubroc, 388 So.2d at 380. The party seeking to modify his obligation under the judgment has the burden of proving the existence of such an agreement. Trisler, 622 So.2d at 731.
A second jurisprudential exception has been recognized in cases where although there may not have been a clear agreement concerning the modification of child support, the mother has voluntarily placed custody of all of the children of the marriage (or the only child of the marriage) with the father. Weatherspoon v. Weatherspoon, 433 So.2d 319, 321 (La.App. 1st Cir.1983); Henson v. Henson, 350 So.2d 979, 982 (La.App. 2d Cir. 1977); Caraway v. Caraway, 321 So.2d 405, 408 (La.App. 2d Cir.), writ denied, 323 So.2d 479 (La.1975) and Silas v. Silas, 300 So.2d 522, 523 (La.App.2d Cir.), writ refused, 303 So.2d 177 (La.1974).
We find another exception to the general rule should be recognized when a child resides with the parent ordered to pay support (the obligor parent) at the request of the other parent for a substantial period of time, and when during that time the obligor parent provides the full support for the child. In such a situation, the child support due during that period of time for a child which resides with the obligor parent is suspended by an implied agreement between the parents that the obligor parent will assume the sole responsibility for feeding, clothing, and sheltering the child in his care. Bagby v. Dillon, 434 So.2d 654, 659-660 (La.App. 3d Cir.), writ denied, 440 So.2d 150 (La.1983); Sims v. Sims, 422 So.2d 618, 622 (La.App. 3d Cir.1982), writ denied, 427 So.2d 870 (La. 1983) and other cases cited therein.
In the present case, the trial court awarded Mrs. Palmer the full amount of the past-due child support claimed. Implicit in the trial court judgment is a finding Mr. Palmer failed to prove the parties "clearly agreed" to waive or to otherwise modify the court-ordered payments. With respect to this issue, we recognize the trial court was faced with an apparent credibility choice and concluded no express agreement had been reached between the parties to modify the support award. Given the trial court's great discretion in credibility determinations, we cannot say this factual finding was manifestly erroneous or clearly wrong. Stobart v. State of Louisiana, through the Dept of Transportation and Development, 617 So.2d 880, 882 (La.1993).
However, the record in this case very clearly establishes an implied agreement between the parties that Mr. Palmer was to assume sole responsibility for feeding, clothing and sheltering Brian during the twentynine month period in question. Mr. Palmer assumed this responsibility at Mrs. Palmer's request. The agreement provided for the continued support and upbringing of Brian and there is no evidence that it interrupted Brian's maintenance or upbringing or work to his detriment in any manner. Thus, as a matter of law, we conclude the implied agreement should be given effect and that Mr. Palmer is entitled to a credit against the court-ordered child support obligation in the amount of the support ordered to be paid for Brian for the period of time he resided with his father. (i.e., $666.67 per month for twenty-nine months for a total credit of $19,333.43.)
We reach this decision with full consideration of our previous holdings in Weatherspoon, 433 So.2d 319, and Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983), wherein we held that, in the absence of an express agreement to modify a child support obligation, an obligor parent claiming a credit against a child support obligation is only entitled to such a credit if he shows he cared for all of the children of the marriage for a substantial period of time. Both Weatherspoon and Vallaire are distinguishable on the facts since they deal with in globo awards. *52 Here, the original award was specific to each child, i.e., $666.67 per month. This case does not present the issue of whether an obligor parent would be entitled to a credit in a case involving an in globo child support award.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to provide an additional credit[2] in the amount of $19,333.43, with such credit to be applied to the arrearages which accrued during the twenty-nine month period from April 1988 through August 1990 for the child support obligation due for Brian Palmer. Each party is to pay one-half of the costs of this appeal.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] During the hearing on the rule for arrearages, Mrs. Palmer testified she expected Mr. Palmer to catch up the difference in the payments (the $500.00 per month for September through December 1990) and that she had not waived her claim for these amounts. However, appellee's brief states she later waived her claim for the back due child support for these four months. The trial court judgment reflects a credit for this four-month period for which Mrs. Palmer withdrew her claim to collect.
[2] We affirm that part of the trial court judgment reflecting a credit for the four-month period for which Mrs. Palmer withdrew her claim to collect arrearages, recognizing such credit to be in the amount of $2000.00.