L. CHARLES WRIGHT, Retired Appellate Judge.
Ronald Andrews, as conservator of Gladys R. Andrews, and Ronald Andrews and Pansy M. Andrews, individually, filed a complaint against William L. Bullock, Sr., alleging ownership, by adverse possession, of a certain acre of property. Following an ore tenus proceeding, the trial court entered a judgment in favor of the Andrewses. The trial court found that the Andrewses had been in “actual, exclusive, open, notorious, and hostile possession” of the property for “more than 30 years.” Bullock filed a motion for a new trial, which was denied.
Bullock appeals, raising one issue: whether the trial court erred in holding that the Andrewses had exclusive, continuous, and hostile possession of the property for a period of 20 years.
When evidence is presented ore temis and the trial court “resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they are clearly erroneous or are manifestly unjust.” Lilly v. Palmer, 496 So.2d 522, 525 (Ala.1986). “The presumption of correctness is particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such eases.” Rice v. McGinnis, 653 So.2d 950 (Ala.1995).
A party claiming title by adverse possession by prescription must show his or her possession was actual, exclusive, open, notorious, hostile, and continuous for a period of 20 years. Garringer v. Wingard, 585 So.2d 898 (Ala.1991).
Gladys Andrews acquired certain property in 1948, which included the “lands now occupied by the Grantors herein.” At that time the grantors, the Robinettes, lived in a house on the acre of property in dispute. Several witnesses testified that the disputed property was fenced from the 1940s until approximately 1972 when Ronald Andrews acquired the property from his mother, Gladys. These same witnesses also testified that during the 1950s, Gladys rented the house on the disputed property to various tenants. The witnesses further testified that they thought the disputed property belonged to the Andrewses and that they did not see anyone other than the Andrewses on the property. Moreover, the property taxes on the disputed property were assessed to Gladys until 1994 when the taxes were assessed to Bullock.
After acquiring the property, Ronald and his wife, Pansy, built a house on property adjoining the disputed property. They planted a garden on the disputed property until the early 1980s, and they stored hay in the house on the property until they removed the house in approximately 1976 or 1977. Ronald and Pansy have stored large round bales of hay on the disputed property since 1976 or 1977, and their mailbox has been on the property since 1972. Ronald testified that Bullock had not used the disputed property for any purpose since 1972.
In 1986 Bullock purchased certain property that adjoined the disputed property. In 1993 Bullock learned that the disputed property had not been included in the 1986 deed, and he requested that his predecessors in *847 title, Tom and Hazel York, deed him the property. The Yorks deeded the property to Bullock. However, Mr. York testified that before signing the deed, he informed Bullock that the deed might not be valid, because he and his wife did not own the property. Mr. York also testified that he told Bullock that the property belonged to the Andrewses and that he refused to accept any money from Bullock for the property. Several witnesses, including Bullock, testified that one year in the early 1980s, Bullock planted some turnips on the property, that for approximately two years, Bullock planted com on the property, and that these plantings occurred before Bullock purchased the property. After 1985 Bullock stored equipment on the property. The witnesses also testified that Ronald asked to purchase the property from Bullock. Both Ronald and Pansy denied that Ronald had asked to buy the property. They testified that Ronald had asked to buy an acre of property behind the disputed property.
After reviewing the record, we conclude that the judgment of the trial court is not clearly erroneous or manifestly unjust; therefore, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in result only.