STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0608

LEAH RENEE LYNCH

VERSUS

MATTHEW THOMAS LYNCH

Judgment Rendered: **NOV 2 7 2023**

* * * * *

On Appeal From
The Family Court
Parish of East Baton Rouge
State of Louisiana
Trial Court No. 199,844

The Honorable Ronald D. Cox, Judge *Ad Hoc* Presiding

* * * * *

Charles E. Griffin, II
St. Francisville, Louisiana

Attorney for Plaintiff-Appellee,
Leah Renee Lynch

Brienne M. Griffin
Baton Rouge, Louisiana

Attorney for Defendant-Appellant,
Matthew Thomas Lynch

* * * * *

BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

Welch J. concurs without reasons

Holdridge J. dissents w/ reasons.

**WOLFE, J.**

In this appeal, divorced parents dispute whether the mother is entitled to recover past-due child support in the amount originally set in a stipulated judgment. The trial court found in favor of the mother, ordering the father to pay child support arrearages totaling $20,994.00, and to continue paying the original amount of child support set at $624.00 per month. For the reasons set forth, we affirm.

## BACKGROUND

Matthew Thomas Lynch and Leah Renee Lynch married in 2006 and divorced on June 29, 2016. They had two children. Pursuant to a stipulated judgment signed on August 24, 2015, Matthew was ordered to pay child support to Leah in the amount of $626.00 per month, and the parties agreed to exercise joint shared (50/50) custody of the two minor children. The parties also agreed to review Matthew's gross income for child support purposes and custody "on a mutually agreeable date in January of 2016." The review in court never occurred; however, after the divorce was final, Matthew began paying $346.08 for child support each month, beginning in August 2016. Matthew believed that he and Leah had an extrajudicial verbal agreement to decrease his child support obligation, and according to him, Leah never asked him to pay the full $626.00 amount. Nevertheless, six years later on August 2, 2022, Leah filed a motion to modify the custody arrangement and a rule for contempt, alleging that Matthew was in arrears on his child support obligation in the amount of $20,994.00, which was the full amount awarded in the 2015 stipulated judgment.[1] After a hearing, the trial court concluded there was no evidence of an extrajudicial modification of the original child support amount, and Matthew was ordered to pay $20,994.00 in child support arrears to Leah and to continue paying the original

---

[1] Leah amended the arrearage amount total to $20,994.00 on October 28, 2022.

2

amount of child support set at $624.00 per month. The court signed a judgment in accordance with its ruling on February 16, 2023.[2] Matthew now appeals.

## LAW AND ANALYSIS

On appeal, Matthew argues that he and Leah, along with their attorneys at the time, agreed to decrease Matthew's child support obligation from $626.00 per month to $346.08 per month, and therefore, the trial court erred in ordering him to pay past-due child support. In contrast, Leah denies that she ever agreed to accept a lower amount for child support even though she knew the attorneys were corresponding about the issue. At the hearing, Leah testified that she did not verbally agree to accept the decrease and there was nothing in writing to that effect. Leah claimed that she did not go back to court until 2022 because she could not afford to do so. Matthew testified that the entire time he was paying the lower amount, he believed that he and Leah had an agreement.

The long-standing general rule in Louisiana is that a child support judgment remains in full force and effect in favor of the party to whom it is awarded until that judgment is modified or terminated by the court. **Palmer v. Palmer**, 95-0608 (La. App. 1st Cir. 11/9/95), 665 So.2d 48, 50. However, courts have recognized that a judgment awarding child support can be extrajudicially modified by agreement of the parties. **State in Interest of Michelli v. Michelli**, 2020-1171 (La. App. 1st Cir. 4/16/21), 323 So.3d 870, 874. Such an agreement must meet the requisites of a conventional obligation, must foster the continued support and upbringing of the children, and must not interrupt the children's maintenance or otherwise work to their detriment. **Dubroc v. Dubroc**, 388 So.2d 377, 380 (La. 1980); **Palmer**, 665 So.2d at 51. Further, the evidence must clearly establish the parties have agreed to waive or to otherwise modify the court-ordered payments. **Palmer**, 665 So.2d at 51;

---

[2] The trial court also declined to find Matthew in contempt. That portion of the judgment is not at issue in this appeal.

3

**Michelli**, 323 So.3d at 874. The burden of proof is upon the person seeking to modify the obligation. **Michelli**, 323 So.3d at 874. Failure to protest or acquiesce in a unilateral reduction does not defeat an action for arrearages or amount to a waiver. **Dubroc**, 388 So.2d at 378; **Brasfield v. Brasfield**, 98-1021 (La. App. 5th Cir. 2/23/99), 729 So.2d 83, 85.

An exception to this general rule is when one party has voluntarily placed physical custody of a child with the other parent and that parent provides the full support of the child. In such a situation, the courts have found an implied agreement between the parents even though there was no specific agreement to suspend or decrease the child support payments. See **Palmer**, 665 So.2d at 51. There is nothing in the record to suggest that the parties deviated from the joint custody arrangement. Whether there exists an agreement between parents to suspend or modify child support payments is a question of fact. The trial court is vested with great discretion in determining factual matters; in the absence of manifest error, its decision will not be overturned. See **Stobart v. State through the Dept. of Transp. and Development**, 617 So.2d 880, 882 (La. 1993); **Palmer**, 665 So.2d at 51.

In this case, the trial court awarded Leah the full amount of the past-due child support claimed. Implicit in the trial court's judgment is a finding that Matthew had failed to prove that the parties "clearly agreed" to modify the court-ordered payments. While it was undisputed that Matthew did not pay the full $626.00 amount of child support ordered in the 2015 stipulated judgment and that Leah had accepted $346.08 per month for six years, there was much conflicting evidence presented to the trial court regarding the existence of an extrajudicial agreement to modify the child support award. We recognize that the trial court, after observing the demeanor of the parties, was faced with an apparent credibility choice and concluded that no express agreement had been reached. Given the trial court's great

4

discretion in credibility determinations, we cannot say this factual finding was manifestly erroneous or clearly wrong. **Stobart**, 617 So.2d at 882.

After listening to the testimony of both parties, the trial court commented that the case was "puzzling ... because it's a he said, she said." The trial court also explained that the evidence was lacking in that there was no testimony from either of the attorneys who had represented Matthew and Leah at the time that Matthew claimed an extrajudicial agreement was reached. The trial court specifically noted that the correspondence between the lawyers did not indicate that Leah ever agreed to Matthew paying a lower amount, and that there was nothing showing that the parties actually agreed to the modification. While we are sympathetic to Matthew's situation and recognize the possibility that some discussions may have transpired regarding child support payments, we find that a reasonable factual basis exists to support the trial court's conclusion that Matthew simply did not meet his burden of proving that the parties clearly agreed to modify the court-ordered child support payments.

## CONCLUSION

For the reasons set forth, we affirm the trial court's February 16, 2023 judgment determining that Leah Renee Lynch is entitled to past-due child support in the amount of $20,994.00 and to ongoing monthly child support payments of $626.00 per month from Matthew Thomas Lynch. Appeal costs are assessed against defendant-appellant, Matthew Thomas Lynch.

**AFFIRMED.**

5

LEAH RENEE LYNCH

VERSUS

MATTHEW THOMAS LYNCH

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0608



**HOLDRIDGE, J., dissents.**

I respectfully dissent. The party asserting an extrajudicial modification has the burden of proving a clear and specific agreement; mere acquiescence in accepting reduced payments does not waive the right to enforce the judgment. *Burnette v. Burnette*, 98-0498 (La. App. 4 Cir. 10/21/98), 720 So.2d 757, 761.

A judgment of the trial court awarding child support can be extrajudicially modified by agreement of the parties. Extrajudicial modification of a child support obligation is not required to be in writing or signed by the parties. *Cahn v. Cahn*, 2022-0801 (La. App. 4 Cir. 6/14/23), 368 So.3d 717, 723, writ not considered, 2023-00976 (La. 10/31/23). Such an agreement must be clearly proven, it must meet the requisites of a conventional obligation, and it must not interrupt the child's maintenance or upbringing or otherwise work to his detriment at the time it was made. The record reveals that from August of 2016 until August of 2022, Mr. Lynch paid $346.08 as his child support obligation. Ms. Lynch waited until August of 2022 to file a motion to modify the custody arrangement and a rule for contempt, alleging that Mr. Lynch was in arrears on his child support obligation. The lack of complaint on the part of Ms. Lynch lends credence to Mr. Lynch's testimony that the parties had an extrajudicial verbal agreement for the reduction of child support. See *Hodge v. Hodge*, 338 So.2d 161 (La. App. 2 Cir. 1976).

Furthermore, Ms. Lynch claimed that she waited six years to file for a modification of child support because she could not afford to do so. However, the record reveals that in March of 2022, she filed a petition for *ex parte* custody order

and modification of custody against Mr. Lynch, wherein Mr. Lynch filed a reconventional demand against her stating several reasons why she violated their stipulated judgment, including having several romantic partners and consuming alcohol during her custodial period. Therefore, Mr. Lynch requested that the trial court hold Ms. Lynch in contempt of court. Ms. Lynch did not raise the issue of arrearages in her March pleadings, confirming the fact that she agreed with the child support amount that she was collecting.

While I am reluctant to overturn the factual findings of the trial court, especially in matters involving an agreement to modify the child support obligation, I have concluded that Mr. Lynch has proven by clear and convincing evidence that this is one of those rare cases in which the "implied agreement" exception should apply. The action of Ms. Lynch clearly indicates that for over six years, she agreed that the child support amount that was due was $346.08. It was only after Mr. Lynch filed his reconventional demand against her alleging several reasons why she violated their stipulated judgment in their custody dispute did Ms. Lynch want to argue that she did not agree to the child support obligation amount of $346.08. Therefore, I believe that the trial court erred in not finding that there was an extrajudicial verbal agreement between the parties for the reduction in child support.